IN THE UNITED STATES DISTRICT COURT
FOR THE MIDDLE DISTRICT OF PENNSYLVANIA

| | | |
|---|---|---|
| LIANA SEXTON, on behalf of herself and similarly situated employees, | : | CIVIL ACTION |
| | : | |
| | : | ELECTRONICALLY FILED |
| Plaintiff, | : | ON AUGUST 1, 2016 |
| v. | : | |
| | : | CLASS/COLLECTIVE ACTION |
| JDK MANAGEMENT COMPANY, L.P. and JDK MANAGEMENT COMPANY, INC., | : | |
| | : | JURY TRIAL DEMANDED |
| | : | |
| Defendants. | : | |
| | : | |

## COMPLAINT - CLASS/COLLECTIVE ACTION

Plaintiff Liana Sexton ("Plaintiff"), on behalf of herself and similarly situated employees, brings this class/collective action lawsuit against Defendants JDK Management Company, L.P. and JDK Management Company, Inc. ("Defendants"), seeking all available relief under the Fair Labor Standards Act of 1938 ("FLSA"), 29 U.S.C. §§ 201, *et seq.*, and the Pennsylvania Minimum Wage Act ("PMWA"), 43 P.S. §§ 333.101, *et seq.*  Plaintiff asserts her FLSA claim as a collective action claim under 29 U.S.C. § 216(b) and asserts her PMWA claim as a class action claim under Federal Rule of Civil Procedure 23.

## JURISDICTION AND VENUE

1.     This Court has subject matter jurisdiction over the FLSA claim pursuant to 29 U.S.C. § 216(b) and 28 U.S.C. § 1331.

2.      This Court has subject matter jurisdiction over the PMWA claim

pursuant to 28 U.S.C. § 1367.

3.      Venue is proper pursuant to 28 U.S.C. § 1391.

## PARTIES

4.      Plaintiff is an individual residing in Dover, Pennsylvania (York

County).

5.      Defendant JDK Management Company, L.P. is a corporate entity

conducting business in Pennsylvania and headquartered at 1388 State Route 487,

Bloomsburg, Pennsylvania (Columbia County).

6.      JDK Management Company, Inc. is a corporate entity conducting

business in Pennsylvania and headquartered at 1388 State Route 487, Bloomsburg,

Pennsylvania (Columbia County).

7.      Defendants have employed individuals, including Plaintiff, engaged in

commerce or in the production of goods for commerce and/or handling, selling, or

otherwise working on goods or materials that have been moved in or produced in

commerce by any person.

8.      Defendants are employers covered by the FLSA and PMWA.

## FACTS

9.      According to their corporate website, Defendants operate "10+"

Quaker Steak & Lube® ("Quaker Steak") restaurants as franchisees "countrywide"

including locations in, *inter alia*, Pennsylvania and Ohio.

10.     During the three-year period relevant to this lawsuit, Defendants have employed hundreds of servers at their Quaker Steak restaurants.

11.     Since approximately April 2014, Plaintiff has been employed by Defendants as a server at Defendants' Quaker Steak restaurant located in York, Pennsylvania.

12.     Defendants pay Plaintiff and other servers at its Quaker Steak restaurants an hourly wage below $7.25.  For example, Defendants pay Plaintiff an hourly wage of $2.83.

13.     In seeking to comply with the FLSA/PMWA mandate that employees receive a minimum wage of at least $7.25/hour, Defendants purport to utilize a "tip credit" for each hour worked by Plaintiff and other servers.  *See* 29 U.S.C. § 203(m); 43 P.S. § 333.103(d).  For example, the "tip credit" for Plaintiff is $4.42 for each hour worked.

14.     Defendants maintain a companywide policy of requiring Plaintiff and other servers to contribute a portion of their tips to "Expos" (a.k.a. "Expediters").

15.     Expos do not receive tips directly from customers.  This is because Expos generally work in the kitchen area and do not interact with restaurant customers.  The Expo job primarily consists of readying – or "traying" – food orders for pick-up by the servers.

## COLLECTIVE AND CLASS ALLEGATIONS

16.     Plaintiff brings her FLSA claim pursuant to 29 U.S.C. § 216(b) on behalf of all individuals who, during any time within the past three years, were employed as servers at Defendants' Quaker Steak restaurants.

17.     Plaintiff's FLSA claim should proceed as a collective action because Plaintiff and other potential members of the collective, having worked pursuant to the common policies described herein, are "similarly situated" as that term is defined in 29 U.S.C. § 216(b) and the associated decisional law.

18.     Plaintiff brings her PMWA claim pursuant to Federal Rule of Civil Procedure 23 on behalf of all individuals who, during any time within the past three years, were employed as servers at Defendants' Quaker Steak restaurants in Pennsylvania.

19.     The putative class includes over 100 individuals, all of whom are readily ascertainable based on Defendants' standard timekeeping and payroll records, and, as such, is so numerous that joinder of all class members is impracticable.

20.     Plaintiff is a class member, her claims are typical of the claims of other class members, and she has no interests that are antagonistic to or in conflict with the interests of other class members.

21.     Plaintiff will fairly and adequately represent the class members and

their interests, and she has retained competent and experienced counsel who will effectively represent the class members' interests.

22.     Questions of law and fact are common to all class members, since, *inter alia*, this action concerns the legality of Defendants' standardized compensation practices, including Defendants' practices of using the tip credit to satisfy its minimum wage obligations and requiring class members to share tips with Expos.

23.     Class certification is appropriate under Federal Rule of Civil Procedure 23(b)(3) because common questions of law and fact predominate over any questions affecting only Plaintiff and because a class action is superior to other available methods for the fair and efficient adjudication of this litigation.

## COUNT I
### (Alleging Violations of the FLSA)

24.     All previous paragraphs are incorporated as though fully set forth herein.

25.     The FLSA entitles employees to a minimum hourly wage of $7.25.

26.     While restaurants may utilize a tip credit to satisfy their minimum wage obligations to servers, they forfeit the right to do so when they require servers to share tips with other restaurant employees who do not "customarily and regularly receive tips." *See* 29 U.S.C. § 203(m).  Federal courts interpreting this statutory language hold that restaurants lose their right to utilize a tip credit when

5

tips are shared with employees – such as Defendants' Expos – whose direct customer interaction is minimal.  *See*, *e.g.*, *Montano v. Montrose Restaurant Associates, Inc.*, 800 F.3d 186 (5th Cir. 2015); *Ford v. Lehigh Valley Restaurant Group, Inc.*, 2014 U.S. Dist. LEXIS 92801 (M.D. Pa. July 9, 2014).

27.    By requiring Plaintiff and other servers to share tips with Expos, Defendants have forfeited their right to utilize the tip credit in satisfying their minimum wage obligations to Plaintiff and other servers.  As such, Defendants have violated the FLSA's minimum wage mandate by paying Plaintiff and other servers an hourly wage below $7.25.

28.    In violating the FLSA, Defendant acted willfully and with reckless disregard of clearly applicable FLSA provisions.

## COUNT II
### (Alleging Violations of the PMWA)

29.    All previous paragraphs are incorporated as though fully set forth herein.

30.    The PMWA entitles employees to a minimum hourly wage of $7.25.

31.    While restaurants may utilize a tip credit to satisfy their minimum wage obligations to servers, they forfeit the right to do so when they require servers to share tips with other restaurant employees who do not "customarily and regularly receive tips."  *See* 43 P.S. § 333.103(d)(2).  The sole court to interpret this statutory language has held that restaurants lose their right to utilize a tip credit

when tips are shared with employees – such as Defendants' Expos – whose direct customer interaction is minimal.  *See Ford v. Lehigh Valley Restaurant Group, Inc.*, 2015 Pa. Dist. & Cnty. Dec. LEXIS 11 (P.C.C.P., Lackawanna Cty.  Apr. 24, 2015) (Nealon, J.).

32.     By requiring Plaintiff and other servers to share tips with Expos, Defendant has forfeited its right to utilize the tip credit in satisfying its minimum wage obligations to Plaintiff and other servers.  As such, Defendant has violated the PMWA's minimum wage mandate by paying Plaintiff and other servers an hourly wage of $2.83 rather than $7.25.

## JURY TRIAL DEMAND

Plaintiff demands a jury trial as to all claims so triable.

## PRAYER FOR RELIEF

**WHEREFORE**, Plaintiff, on behalf of herself and other members of the class/collective, seeks the following relief:

A.     Unpaid minimum wages for every hour worked;

B.     Prejudgment interest to the fullest extent permitted under federal and state law;

C.     Liquidated damages to the fullest extent permitted under the FLSA;

D.     Litigation costs, expenses, and attorneys' fees; and

E.     Such other and further relief as this Court deems just and proper.

Date:  August 1, 2016                    /s/ R. Andrew Santillo
                                         Peter Winebrake, Esq.
                                         R. Andrew Santillo, Esq.
                                         Mark J. Gottesfeld, Esq.
                                         Winebrake & Santillo, LLC
                                         715 Twining Road, Suite 211
                                         Dresher, PA 19025
                                         Ph:  (215) 884-2491
                                         pwinebrake@winebrakelaw.com
                                         asantillo@winebrakelaw.com
                                         mgottesfeld@winebrakelaw.com

                                         *Plaintiff's Counsel*